BELDOCK, MURPHY, UGHETTA and KLEINFELD, JJ., concur.

Order reversed, without costs, motions to dismiss the complaint denied, and judgment directed for respondents declaring that the resolutions, election, agreements, and policy statement attacked by appellants are valid, with costs.

GUY LACHARITE, Respondent, *v.* EMMETT J. DUCATTE, Appellant.

Third Department, June 13, 1957.

*Orville R. Dunn* for respondent.

*Harold F. Tucker* for appellant.

*Edward G. Dillon, Sidney Posner* and *Abraham G. Grayzel* for New York State Sheriffs' Association, Inc., *amicus curiæ.*

FOSTER, P. J. This is an appeal by the defendant from an order of the Supreme Court, Clinton County, which granted judgment in favor of the plaintiff on the pleadings, pursuant to the provisions of section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice, and from the judgment entered pursuant to such order. Respondent sued the appellant, who is the sheriff of Clinton County, to recover the sum of $1,920.85, with interest and costs, alleging that the defendant, as sheriff, had attached an automobile owned by one Martin in an action between the respondent and Martin, pursuant to an order of attachment, and that the defendant as sheriff thereafter returned an execution in the action unsatisfied.

132

The facts insofar as the record presents them are as follows: Respondent, a nonresident instituted an action against one Martin, also a nonresident, for property damage alleged to have resulted from an automobile collision. On August 15, 1955, an order and warrant of attachment was issued to the defendant, as sheriff of Clinton County, to attach so much of the property of Martin as would satisfy plaintiff's demand for judgment in the sum of $1,243.73 besides the cost of the action. The appellant, as sheriff, served a certified copy of the warrant of attachment on a garage owner in whose garage the damaged automobile of the defendant Martin was located. It is claimed that appellant directed the garage proprietor not to release the automobile without the consent of the court, and that thereafter appellant filed his return to the warrant in the Clinton County Clerk's office, setting forth the value of the damaged automobile at $1,800 as appraised by two of his deputies. On March 21, 1956 more than seven months after the warrant of attachment was served judgment in the action in which respondent was the plaintiff and Martin the defendant was entered in the sum of $1,920.85, and an execution issued to appellant as sheriff of Clinton County for the collection of the judgment. This execution was returned unsatisfied by appellant for the reason that the damaged automobile had been removed from the garage, apparently with the garage proprietor's consent. Thereafter respondent herein instituted the present action against appellant. The latter served an answer and the plaintiff then moved for judgment on the pleadings and judgment was granted in his favor. The complaint in this action is couched in general terms, alleging merely that the appellant wrongfully and unlawfully returned the execution mentioned wholly unsatisfied.

The Special Term found that the answer interposed set forth no defenses which presented triable issues of fact and held that the pleadings presented only a question of law. The pivotal point which motivated the Special Term to grant judgment was the failure of the appellant, as sheriff, to take the automobile in question into his actual possession when he made the levy under the warrant of attachment. Since the automobile was capable of manual delivery Special Term held that it was the duty of the appellant to take the same into his actual possession under section 912 of the Civil Practice Act. The appellant contends that under section 917 of the Civil Practice Act he was not required to take the automobile into his actual possession unless he was directed to do so in writing and an appropriate undertaking of indemnity furnished to him. This controversy

would seem to pose a simple issue but the matter is beclouded by certain language in section 912 which appears to be inconsistent with the language of section 917. Prior to 1940 actual custody on the part of a sheriff was necessary for a valid levy upon personal property capable of manual delivery (7 Carmody on New York Practice, § 429). In 1940 both sections were radically amended by the Legislature upon the recommendation of the Bar Association of the City of New York. Thus, section 912, entitled "Duties of sheriff in execution of warrant", as it presently exists provides in part as follows: "If levy be made upon personal property capable of manual delivery, by the sheriff taking the same into his actual custody, he must, without delay, deliver to the person, if any, from whose possession the property is taken, a certified copy of the warrant. In all other cases where personal property is levied upon by him, the sheriff must, upon making such levy, or as soon thereafter as may be practical, take into his actual custody all personal property capable of manual delivery, and, without delay, subject to the direction of the court or judge, collect, receive and enforce all debts, effects and things in action levied upon by him."

Section 917, which is entitled "Method of making levy", provides under subdivision 2 for the method of levying upon intangibles such as stocks, bonds, debts, etc., and directs that in such cases the levy be made by leaving a certified copy of the warrant of attachment with the holder of such intangibles or with the person against whom a debt exists, and then the subdivision concludes with this language: "upon all other kinds of property, with the person holding the same."

Subdivision 3 of this same section provides as follows: "If the plaintiff or his attorney shall so direct in writing, and shall furnish the sheriff indemnity satisfactory to him, a levy may also be made upon personal property capable of manual delivery, including a bond, promissory note or other instrument for the payment of money, or a certificate representing a share or shares in the stock of an association or corporation, by the sheriff's taking the same into his actual custody."

It can hardly be said that the foregoing language, quoted from both sections, presents a clear and unmistakable guide as to when a sheriff is obliged to take possession, under a warrant of attachment, personal property that is capable of manual delivery. We turn then to the comment of the Judicial Council, which undertook a comprehensive study and suggested changes in the 1940 revision: "By reason of the 1940 amendment to section 917, the sheriff, upon making an attachment levy, is

not required to take personal property, though capable of manual delivery, into his actual custody. The service by the sheriff of a certified copy of the warrant of attachment on the person designated by the statute effects an attachment levy and lien on the property, for a period of ninety days from the date of such service. The person served is forbidden to transfer or dispose of the property levied upon until the expiration of the said ninety days period, except upon direction of the sheriff or pursuant to an order of the court.'' (Seventh Annual Report of N. Y. Judicial Council, 1941, p. 436.)

To the same effect is the comment in Carmody-Wait on New York Practice (Vol. 10, pp. 179–181). ''Under the present statute, personal property of such nature as to be capable of manual delivery may be levied upon either by sheriff's taking it into his actual custody or by his serving a certified copy of the warrant * * * The sheriff is under no duty to levy upon personal property capable of manual delivery * * * by the alternative statutory method of immediately taking the same into his actual custody, unless he is given indemnity, as well as written instructions in advance. If such indemnity and instructions are given he must make the levy by taking the property into his actual custody. [Civ. Prac. Act, § 917, subd. 3; § 912.] If those prerequisites are not looked to, he may, instead, make the levy in such cases by merely serving a certified copy of the warrant as provided by statute.''

In its 1941 report (p. 429) the Judicial Council explained the possible inconsistency between the language in the second paragraph of section 912 and that of section 917 as follows: ''The first sentence of the second paragraph of section 912 was added to the section in 1940. The sentence is derived from paragraph 2 of the former section 917 of the Civil Practice Act. Section 917 stated the methods of making a levy, but as incorporated in this section, the provision is not intended to state the method of making a levy. That is controlled by section 917. It is included in section 912 to indicate that if levy be made upon personal property capable of manual delivery by the sheriff taking the same into his actual custody, the sheriff must deliver a certified copy of the warrant to the person from whose possession the property is taken. The comma after delivery is misleading, and should be omitted.''

The Council however made no reference to the second sentence of the second paragraph of section 912, which might be taken on its face to require a sheriff, if he has levied upon property by leaving a copy of the warrant ''with the person holding the same'' to ''take into his actual custody all personal

property capable of manual delivery ''. However it did state flatly, with reference to all the provisions of the 1940 revision, that the effect of the revision was to postpone ''the sheriff's taking physical custody of property capable of manual delivery for a period of ninety days'' (p. 399). This view is supported by subdivision 1 of section 922 which provides substantially to the effect that a sheriff need not to proceed to perfect a levy by reducing to custody until he has been requested to do so in writing and indemnified for his expenditures to that end. If he is so directed and indemnified he must, if necessary, and within 90 days after the service of a warrant, commence an action or special proceeding to reduce to his actual custody all personal property involved that is capable of manual delivery (10 Carmody-Wait on New York Practice, § 148, p. 194).

We take it from the foregoing authoritative comments that the practice has been accepted of preferring the language of section 917, as prescribing the manner of making a levy, over any seemingly inconsistent language in section 912 which prescribed the duties of a sheriff in the execution of a warrant. While we feel constrained to accept this construction as against that adopted by the Special Term we also feel that such a simple issue as this should be clarified by further legislative amendments in clear and unmistakable language so that no possible ambiguity will be presented. In view of the general character of the pleadings and the narrow issues presented on this appeal a new trial is indicated rather than a dismissal of the complaint.

The order and judgment should be reversed, on the law, and a new trial directed.

BERGAN, HALPERN and GIBSON, JJ., concur.

Order and judgment reversed, on the law, and a new trial directed, with costs to abide the event.